Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Danielle Fuschetti (SBN 294064)
Jannat Irshad (SBN 357275)
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
dfuschetti@schneiderwallace.com
jirshad@schneiderwallace.com

*Attorneys for Plaintiff and the putative Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

SERGIO REYES, on behalf of himself and the Class Members,

Plaintiff,

vs.

BRAND ENERGY SERVICES OF CALIFORNIA, INC.; BRAND INDUSTRIAL SERVICES, INC.; BRAND SCAFFOLD SERVICES, INC.; BRAND INDUSTRIAL HOLDINGS, INC.; BRAND INDUSTRIAL PROJECTS, LLC; BRANDSAFWAY INDUSTRIES LLC; BRANDSAFWAY INDUSTRIES MGMT LLC; BRANDSAFWAY SERVICES LLC; BRANDSAFWAY SOLUTIONS, LLC (DBA BRANDSAFWAY); and DOES 1 through 100, inclusive,

Defendants,

Case No.: 3:25-cv-06966

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF:**

**(1) Violation of the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.)**
**(2) Failure to Compensate for All Hours Worked (Cal. Lab. Code §§ 200, 204, 218, 222, 1194, and 1198);**
**(3) Failure to Pay Minimum Wages (Cal. Lab. Code §§ 1182.12, 1194, 1197, 1197.1, &1198);**
**(4) Failure to Pay Overtime Wages (Cal. Lab. Code § 510);**
**(5) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7 and 512);**
**(6) Failure to Authorize Rest Periods (Cal. Lab. Code § 226.7);**
**(7) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code §§ 226 and 226.3); and**
**(8) Failure to Timely Pay All Wages (Cal. Lab. Code § 204);**
**(9) Waiting Time Penalties (Cal. Lab. Code §§ 201-203);**
**(10) Failure to Reimburse Business Expenses (Cal. Lab. Code § 2802);**
**(11) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).**

**DEMAND FOR JURY TRIAL**

Plaintiff Sergio Reyes ("Plaintiff") brings this action on behalf of himself, the Collective, and the Class, against Defendants Brand Energy Services of California, Inc., Brand Industrial Services, Inc., Brand Scaffold Services, Inc., Brand Industrial Holdings, Inc., Brand Industrial Projects, LLC, BrandSafway Industries LLC, BrandSafway Industries MGMT LLC, BrandSafway Services LLC, and BrandSafway Solutions, LLC (dba BrandSafway), and Other Related Entities (collectively "Brand Energy" or "Defendants") seeking to recover for Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the California Labor Code, the Industrial Welfare Commission ("IWC") Wage Orders, and California Business and Professions Code §§ 17200, et seq. ("UCL"). Plaintiff complains and alleges as follows:

## INTRODUCTION

1. This action arises from Defendants' failure to meet their minimal obligations under Federal and California law to pay Plaintiff, Class Members, and Collective Members at the appropriate overtime rate for all overtime worked, and under California law to provide Plaintiff and Class Members with legally required meal and rest breaks, wages, and personal protective equipment.

2. Brand Industrial Services, Inc. is a leading global provider of access, specialized services, and forming and shoring solutions to the industrial, commercial, and infrastructure markets. Upon information and belief, Brand Energy Services of California, Inc., Brand Scaffold Services, Inc., Brand Industrial Holdings, Inc., Brand Industrial Projects, LLC, BrandSafway Industries LLC, BrandSafway Industries MGMT LLC, BrandSafway Services LLC, and BrandSafway Solutions, LLC, are subsidiaries or affiliates of Brand Industrial Services, Inc.

3. Plaintiff, Class Members, and Collective Members are non-exempt, hourly employees who were employed by any Defendant in a field position in the State of California.

4. Defendants deny Plaintiff and Class Members the timely, uninterrupted, duty-free meal and rest breaks to which they are entitled. Plaintiff and Class Members do not receive rest breaks. Nor do they receive second meal breaks when working more than 10 hours in a day. Instead, they are required to continue working without the opportunity to take either a rest break or a second meal break. When Plaintiff and Class Members attempt to take a first meal break, the break is

frequently interrupted, shortened, late, or otherwise non-compliant. Defendants do not pay premium wages for these missed and non-compliant meal and rest breaks.

5. Plaintiff and Class and Collective Members do not clock in and out for meal breaks. Instead, Defendants deduct a full 30 minutes from Plaintiff and Class Members' wages for every day when they are entitled to a meal break, even when Plaintiff and Class Members do not receive a 30-minute break, when they are required to work on the meal break, or when their meal break is shorter than 30 minutes. Consequently, employees are denied wages due for this work, including, minimum wage, straight time, and when applicable, overtime premiums. Defendants fabricate time records incorrectly reflecting that Plaintiff and Class Members receive full, 30-minute rest breaks.

6. Finally, Defendants fail to provide Plaintiff and Class Members with tools and equipment necessary for performing their work, including personal protective equipment, such as respirators, harnesses, and protective eyewear. Defendants require Plaintiff and Class Members to supply these necessary implements at their own expense, and do not reimburse them.

7. Plaintiff brings Claim 1 on behalf of himself and the Collective to challenge Defendants' failure to pay overtime wages and failure to maintain accurate records of time worked in violation of the Fair Standards Labor Act ("FLSA").

8. Plaintiff brings Claims 2 through 10 on behalf of himself and the Class for Defendants' violations of California law, namely: (2) failing to pay Plaintiff and Class Members for all hours worked; (3) failing to pay Plaintiff and Class Members minimum wage for all hours worked under California law; (4) failing to pay Plaintiff and Class Members overtime wages due under California law; (5) failing to provide or make available to Plaintiff and Class Members the meal periods to which they are entitled under California law, and failing to pay premium compensation payment for non-compliant meal breaks; (6) failing to authorize and permit rest periods to Plaintiff and Class Members, and failing to pay premium compensation payment for non-compliant rest periods; (7) failing to provide Plaintiff and Class Members with timely, accurate, itemized wage statements; (8) failing to timely pay all wages to Plaintiff and Class Members during employment; (9) failing to timely pay all wages to Plaintiff and Class Members upon termination of their employment; (10) failing to reimburse business expenses; and (11) engaging in unfair

business practices. As a result of the violations stated herein, Plaintiff, on behalf of himself, Collective, and Class Members, seeks compensation, damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

9. Plaintiff seeks full compensation on behalf of himself, and Collective, and Class Members, for all unpaid wages, unpaid overtime, noncompliant meal and rest periods, waiting time penalties, and premium pay. Plaintiff also seeks declaratory and injunctive relief, including restitution. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, the Cal. Lab. Code, and the California Code of Civil Procedure.[1]

## PARTIES

10. Plaintiff Sergio Reyes is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

11. Plaintiff was employed by Defendants as a Journeyman Painter in San Francisco, California, from approximately October 28, 2024 to December 2024.

12. Brand Energy Services of California, Inc. is a Delaware corporation, registered to do business in the State of California. Brand Energy Services of California, Inc. is headquartered and has its principal place of business in Fairfield, California.

13. Upon information and belief, Brand Energy Services of California, Inc. does business in California.

14. Upon information and belief, Brand Energy Services of California, Inc. employs or employed Plaintiff, and Class or Collective members or some of them, in the State of California.

15. Brand Industrial Services, Inc. is a Delaware corporation, registered to do business in the State of California. Brand Industrial Services, Inc. has its principal place of business in Atlanta, Georgia.

16. Upon information and belief, Brand Industrial Services, Inc. does business in

[1] Although Plaintiff is a former employee, the Class and Collective includes current and former employees. For ease of discussion, the allegations herein are made in the present tense. As used throughout, the present tense also includes the past tense. Whether expressed in present or past tense, all violations are alleged to be continuing and ongoing.

California.

17. Upon information and belief, Brand Industrial Services, Inc. employs or employed Plaintiff, and Class or Collective members or some of them, in the State of California.

18. Brand Scaffold Services, Inc. is a California corporation, registered to do business in the State of California. Upon information and belief, Brand Scaffold Services, Inc., has its principal place of business in California.

19. Upon information and belief, Brand Scaffold Services, Inc., does business in California.

20. Upon information and belief, Brand Scaffold Services, Inc., employs or employed Plaintiff, and Class or Collective members or some of them, in the State of California.

21. Brand Industrial Holdings, Inc. is a Delaware corporation, registered to do business in the State of California. Brand Industrial Holdings, Inc. has its principal place of business in Atlanta, Georgia.

22. Upon information and belief, Brand Industrial Holdings, Inc. does business in California.

23. Upon information and belief, Brand Industrial Holdings, Inc. employs or employed Plaintiff, and Class or Collective members or some of them, in the State of California.

24. Brand Industrial Projects, LLC is a Delaware corporation, registered to do business in the State of California. Brand Industrial Projects, LLC has its principal place of business in Atlanta, Georgia.

25. Upon information and belief, Brand Industrial Projects, LLC does business in California.

26. Upon information and belief, Brand Industrial Projects, LLC employs or employed Plaintiff, and Class or Collective members or some of them, in the State of California.

27. BrandSafway Industries LLC is a Delaware corporation, and registered to do business in the State of California. BrandSafway Industries LLC has its principal place of business in Waukesha, Wisconsin.

28. Upon information and belief, BrandSafway Industries LLC does business in California.

29. Upon information and belief, BrandSafway Industries LLC employs or employed Plaintiff, and Class or Collective members or some of them, in the State of California.

30. BrandSafway Industries MGMT LLC is a California corporation, and registered to do business in the State of California. BrandSafway Industries MGMT LLC is headquartered and has its principal place of business in Los Angeles, California.

31. Upon information and belief, BrandSafway Industries MGMT LLC does business in California.

32. Upon information and belief, BrandSafway Industries MGMT LLC employs or employed Plaintiff, and Class or Collective members or some of them, in the State of California.

33. BrandSafway Services LLC is a Delaware corporation, registered to do business in the State of California. BrandSafway Services LLC has its principal place of business in Atlanta, Georgia.

34. Upon information and belief, BrandSafway Services LLC does business in California.

35. Upon information and belief, BrandSafway Services LLC employs or employed Plaintiff, and Class or Collective members or some of them, in the State of California.

36. BrandSafway Solutions, LLC is a Texas corporation, registered to do business in the State of California. BrandSafway Solutions, LLC has its principal place of business in Laporte, TX.

37. Upon information and belief, BrandSafway Solutions, LLC does business in California.

38. Upon information and belief, BrandSafway Solutions, LLC employs or employed Plaintiff, and Class or Collective members or some of them, in the State of California.

39. Defendants jointly exercised control over Plaintiff and Class and Collective Members with respect to their employment. Defendants employ Plaintiff and Class and Collective Members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and Class and Collective Members.

40. Upon information and belief, Defendants were and are employers or acting on behalf

of employers of Plaintiff and Class and Collective Members.

41. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-100, inclusive, are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff is informed, believes, and thereon alleges that each of these fictitiously named Defendants are responsible in some manner for the occurrences and violations as herein alleged. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

42. Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, acting through their agents and/or employees, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

43. Plaintiff is informed, believes, and thereon alleges that Defendants directly control the operations of their agents, managers, and employees throughout all their locations in California.

44. Plaintiff is informed, believes, and thereon alleges, that Defendants in some manner, intentionally, negligently, or otherwise, are responsible for the acts, omissions, occurrences, and transactions alleged herein. Plaintiff is informed and believes, and thereon alleges, that, at all relevant times, Defendants were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other.

45. At all material times, Defendants have done business under the laws of California, have places of business in California, including in the jurisdiction of this court, and have employed Collective and Class Members in this District and elsewhere in California. Defendants are considered a "person" as defined in Labor Code § 18 and an "employer" as that term is used in the Labor Code, the IWC Wage Orders regulating wages, hours, and working conditions, and the California Business and Professions Code § 17201.

**JURISDICTION AND VENUE**

46. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question

jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California Labor Code claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

47. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Northern District of California judicial district.

**FACTUAL ALLEGATIONS**

48. Brand Industrial Services, Inc. is a leading global provider of access, specialized services, and forming and shoring solutions to the industrial, commercial and infrastructure markets. Upon information and belief, Brand Energy Services of California, Inc., Brand Scaffold Services, Inc., Brand Industrial Holdings, Inc., Brand Industrial Projects, LLC, BrandSafway Industries LLC, BrandSafway Industries MGMT LLC, BrandSafway Services LLC, and BrandSafway Solutions, LLC, are subsidiaries or affiliates of Brand Industrial Services, Inc.

49. Plaintiff worked for Defendants as a Journeyman Painter in San Francisco, California from approximately October 28, 2024 to December 2024.

50. Plaintiff was classified as a non-exempt employee and was paid an hourly rate of approximately $56.38.

51. Plaintiff, Class Members, and Collective Members are non-exempt, hourly employees who were employed by any Defendants in a field position in the State of California.

52. Upon information and belief, Plaintiff's and Class and Collective Members' hourly rates of pay are arrived at through collective bargaining.

53. Plaintiff is informed, believes, and thereon alleges that Defendants employ, and have employed, hundreds of exempt and non-exempt workers in the State of California,

54. Plaintiff is informed, believes, and thereon alleges that Class Members and Collective Members perform work substantially similar to Plaintiff, in that they support the daily functions of running Defendants' business activities.

55. Plaintiff and, upon information and belief, Collective and Class Members, routinely work in excess of eight (8) hours in a day and in excess of forty (40) hours in a week.

56. Defendants regularly fail to provide Plaintiff, Collective, and Class Members with compliant, uninterrupted 30-minute meal periods prior to the end of the fifth hour of work. Defendants' policies, practices, and procedures prevent Plaintiff and Class Members from taking their meal periods before the end of the fifth hour, as required. Defendants direct employees regarding when to begin and end their meal break. Unless relieved and directed to take a break, Plaintiff and Class and Collective Members are expected to continue working and do continue working. Defendants sometimes omit to release Plaintiff and Class and Collective Members to take a meal break and instead, require them to work straight through with no break. When a break is allowed, it frequently does not begin until after the fifth hour or is interrupted or cut short.

57. For each day Plaintiff, Collective, and Class Members work shifts over ten hours, Defendants regularly deny and fail to provide Plaintiff, Collective, and Class Members with compliant second 30-minute uninterrupted meal periods before the end of the tenth hour of work. When Plaintiff, Collective, and Class Members are entitled to a second meal period, Defendants require them to work the entirety of their shifts without providing or offering a second meal period.

58. Plaintiff and Class Members do not receive requisite premium payments for these missed and/or non-compliant first and second meal breaks.

59. Even though Plaintiff and Class and Collective members frequently do not receive a 30-minute, duty-free meal break during which they are relieved of all duties, Defendants deduct a full 30 minutes of pay from their wages every day when they would otherwise be entitled to a meal period. Consequently, Plaintiff and Class and Collective Members are denied straight, minimum wage, overtime, and premium compensation.

60. Plaintiff and Collective and Class Members do not clock in or out for meal periods. Instead, Defendants fabricate time records inaccurately representing a full 30-minute, unpaid meal period every day when an employee is entitled to a meal period. Defendants then deduct 30 minutes from employees' total hours worked each day. Because Defendants do not utilize a clock in/out system for meal periods, Plaintiff and Class Members do not have access to accurate time records.

61. Defendants also routinely fail to authorize or permit off duty, paid rest periods of at least 10 minutes of rest time for every 4 hours of work. Unless relieved and directed to take a break,

Plaintiff and Class Members are expected to continue working, and do continue working. As a matter of routine, Defendants do not direct or allow Plaintiff and Class Members to cease working to take rest breaks. Instead, they direct and expect them to continue working until their meal break or the end of the workday without a rest break. When Plaintiff attempted to take a rest break, he was told to keep working.

62. Defendants fail to pay Plaintiff and Class Members rest period premiums to which they are entitled for these missed, late, and otherwise non-compliant rest breaks.

63. Plaintiff is informed, believes, and thereon alleges that Defendants utilize and apply these meal and rest break policies and practices across all of Defendants' facilities and worksites throughout California.

64. Defendants' failure to provide compliant meal and rest breaks and daily 30-minute deductions from wages also results in a failure to provide Plaintiff and Class Members, accurate itemized wage statements as required by California law. The wage statements Defendants provide are not accurate because they do not reflect 1) payment for premium pay for missed meal breaks, rest breaks, and second meal breaks, 2) minimum, straight-time, and overtime wages lost due to the daily 30-minute deductions, or 3) the accurate hours worked.

65. Moreover, Defendants do not provide Plaintiff and Class Members with full payment of all wages owed at the end of employment. These workers are owed wages and premium pay for minimum wages, all time worked, overtime, and missed meal and rest breaks when their employment ends. These amounts remain unpaid after voluntary and involuntary termination. As a consequence, Defendants are subject to waiting time penalties under the California Labor Code.

66. In addition, Defendants fail to provide Plaintiff and Class Members with tools and equipment necessary for performing their work. This includes personal protective equipment, such as respirators, harnesses, and protective eyewear, which are necessary to perform various construction functions, including painting. Defendants require Plaintiff and Class Members to supply these necessary implements at their own expense, and do not reimburse them.

67. On information and belief, Collective and Class Members report to locations owned, operated, or managed by Defendants to perform their jobs.

68. On information and belief, Collective and Class Members perform their jobs under Defendants' supervision using materials and technology approved and supplied by Defendants.

69. On information and belief, Collective and Class Members are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their jobs.

70. On information and belief, at the end of each pay period, Collective and Class Members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

71. On information and belief, Defendants' method of paying Plaintiff, Collective, and Class Members is willful and not based on a good faith and reasonable belief that their conduct complied with California law.

72. On information and belief, Defendants' unlawful conduct has been widespread, repeated, and consistent throughout Defendants' California locations.

73. Defendants know or should know that their policies and practices are unlawful and unfair.

74. Defendants' conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

75. Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly situated employees defined as:

> All current and former non-exempt, hourly employees of any Defendant working in field positions in California during the time period from three years prior to the filing of the complaint until resolution of this action. (the "Collective").

76. Plaintiff, individually and on behalf of other similarly situated persons defined above, seeks relief on a collective basis challenging Defendants' policies and practices of failing to accurately record all hours worked and failing to properly pay overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-Plaintiff may

be determined from Defendants' records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

77. Plaintiff's claims for violations of the FLSA may be brought and maintained as a "opt in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

78. The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA. Plaintiff is representative of the members of the Collective and is acting on behalf of their interests as well as his own interests in bringing this action.

79. Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

80. The similarly situated members of the Collective are known to Defendants, are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

81. Plaintiff contemplates providing a notice or notices to the Collective, as approved by the Court, to be delivered via United States Mail and other means. The notice or notices shall, among other things, advise each of the recipients that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the class.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

82. Plaintiff Sergio Reyes brings the Second through Eleventh Counts (the California Class Claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The

California Class is initially defined as:

> All current and former hourly and/or non-exempt employees of Brand Energy Services of California, Inc., in California who worked for Defendants in field positions at any time during the time period starting 4 years prior to the filing of this Complaint until the resolution of this action ("the Class").

a. **<u>Numerosity</u>**: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.

b. **<u>Commonality</u>**: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

i. Whether Defendants fail to make available and/or provide Class Members with compliant meal periods to which they are entitled in violation of Cal. Lab. Code and Wage Order 16;

ii. Whether Defendants fail to authorize and permit, make available, and/or provide Class Members with compliant rest periods to which they are entitled in violation of Cal. Lab. Code and Wage Order 16;

iii. Whether Defendants fail to compensate Class Members for all hours worked, including minimum wages, straight time, and overtime compensation, in violation of the Cal. Lab. Code and Wage Order 16;

iv. Whether Defendants fail to pay to provide putative Class Members with all wages owed upon separation of employment in violation of the Cal. Lab. Code and Wage Order 16;

v. Whether Defendants fail to provide putative Class Members with timely accurate itemized wage statements in violation of the Cal. Lab. Code and Wage Order 16;

vi. Whether Defendants fails to fully reimburse putative Class Members for all necessary business expenses made for the benefit of Defendants, in violation of the Cal. Lab. Code and Wage Order 16; and

vii. Whether Defendants violate Business and Professions Code §§ 17200 et seq., by:

a. failing to make available and/or provide Class Members with compliant meal periods to which they are entitled in violation of Cal. Lab. Code and Wage Order 16;

b. failing to authorize and permit, make available, and/or provide Class Members with compliant rest periods to which they are entitled in violation of Cal. Lab. Code and Wage Order 16;

c. failing to compensate Class Members for all hours worked, including minimum wages, straight time, and overtime compensation, in violation of the Cal. Lab. Code and Wage Order 16;

d. failing to pay to provide putative Class Members with all wages owed upon separation of employment in violation of the Cal. Lab. Code and Wage Order 16;

e. failing to provide putative Class Members with timely accurate itemized wage statements in violation of the Cal. Lab. Code and Wage Order 16;

f. failing to fully reimburse putative Class Members for all necessary business expenses made for the benefit of Defendants, in violation of the Cal. Lab. Code and Wage Order 16; and

g. the proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the Class as alleged herein.

c. **Typicality**: Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d. **Adequacy of Representation**: Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

e. **<u>Superiority of Class Action</u>**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

83. The Class may also be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendants.

84. If each individual Class Member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

85. Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## <u>FIRST CAUSE OF ACTION</u>

### Violation of the Fair Labor Standards Act

### (On Behalf of Plaintiff and the Collective Against All Defendants)

86. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

87. The FLSA requires that covered employees receive overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

88. At all times material herein, Plaintiff and the Class are covered employees entitled to the rights, protections, and benefits provided under the FLSA.

89. Defendants are a covered employer required to comply with the FLSA's mandates.

90. Defendants violated the FLSA with respect to Plaintiff and the Collective Members, by failing to compensate Plaintiff and Collective Members for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work. See 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35.

91. Throughout the relevant time period, Defendants expected and required Plaintiff and Collective members to work and/or to be on duty during their promised meal breaks. Plaintiff and Collective members also performed work off-the-clock for which they were not compensated.

92. Defendants violated and continue to violate the FLSA when they failed to pay Plaintiff and Collective members for meal breaks under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

93. Defendants cannot satisfy their burden of proof to demonstrate Plaintiff and Collective members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

94. Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

95. Plaintiff and Collective Members are victims of a uniform and company-wide compensation policy of deducting from hours worked and from pay and of requiring employees to work during unpaid meal breaks.

96. Plaintiff and Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

97. Plaintiff and Collective Members are entitled to damages equal to the mandated pay, including straight time, and overtime premium pay, within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendants have acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the

FLSA.

98. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

99. As a result of the aforesaid violations of the FLSA's provisions, pay, including straight time and overtime compensation, has been unlawfully withheld by Defendants from Plaintiff and Collective Members. Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

100. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

**<u>SECOND CAUSE OF ACTION</u>**

**Failure to Compensate for All Hours Worked**

**Pursuant to Cal. Lab. Code §§ 200, 204, 1194, and 1198**

**(On Behalf of Plaintiff and the Class Against All Defendants)**

101. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

102. Defendants willfully engage in a policy and practice of not compensating Plaintiff and Class Members for all hours worked spent in its control.

103. Cal. Lab. Code section 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or method of calculation."

104. Cal. Lab. Code section 204 provides in relevant part that "all wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

105. Cal. Lab. Code section 1194(a) provides as follows: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid

balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit."

106. Cal. Lab. Code section 1198 makes it unlawful for employers to employ persons under conditions that violate the Wage Orders.

107. IWC Wage Order 16-2001(2)(J) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

108. Plaintiff and Class Members are forced to perform work for the benefit of Defendants without compensation. In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and Class Members with compensation for all time worked.

109. Defendants regularly fail to track all time actually worked by Plaintiff and Class Members and regularly fail to compensate Plaintiff and Class Members for all hours worked.

110. Defendants require Plaintiff and Class Members to work during unpaid meal breaks and deduct 30 minutes from hours worked and from pay each day for meal breaks, even when employees do not receive meal breaks, when they perform work during their meal breaks, or when meal breaks are less than 30 minutes in length.

111. Defendant commits the acts alleged herein knowingly and willfully, and in conscious disregard of Class Plaintiff and Class Members' rights. Thus, Class Plaintiff and Class Members are entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

112. As a proximate result of the aforementioned violations, Class Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

113. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**<u>THIRD CAUSE OF ACTION</u>**

**Failure to Pay Minimum Wages for All Hours Worked**

**Pursuant to Cal. Lab. Code §§ 1182.12, 1194, 1197, 1197.1, and 1198**

**(On Behalf of Plaintiff and the Class Against All Defendants)**

114. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

115. During the applicable statutory period, Cal. Lab. Code §§ 1182.12, 1194, 1197, 1197.1, 1198 and IWC Wage Order No. 16-2001(4) were in full force and effect and required that Defendants hourly employees receive the minimum wage for all hours worked.

116. Defendants have maintained policies and procedures that force Plaintiff and Class Members to work off the clock, without compensation let alone the minimum wage. Due to Defendants' systematic denial of payment for all hours worked, Plaintiff and Class Members are routinely compensated at a rate that is less than the statutory minimum wage.

117. Defendants failed to pay Plaintiff and Class Members for all hours worked at the minimum wage rates for the relevant time periods as follows: at the rate of fourteen dollars ($14.00) commencing January 1, 2021; at the rate of fifteen dollars ($15.00) commencing January 1, 2022; at the rate of fifteen dollars and fifty cents ($15.50) commencing January 1, 2023; at the rate of sixteen dollars ($16.00) commencing January 1, 2024; and at the rate of sixteen dollars and fifty cents ($16.50) commencing January 1, 2025.

118. Cal. Lab. Code § 1197.1 provides, in relevant part:

> (a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.

119. Cal. Lab. Code §1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

120. IWC Wage Orders 16(2)(J) "hours worked" as:

> the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

121. Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders. Cal. Lab. Code §1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

122. Defendants willfully engage in a policy and practice of not compensating Plaintiff and Class Members for all hours worked, including minimum wage, or spent in Defendants' control. Defendants require Plaintiff and Class Members to work during unpaid meal breaks and deduct 30 minutes from hours worked and from pay each day for meal breaks, even when employees do not receive meal breaks, when they perform work during their meal breaks, or when meal breaks are less than 30 minutes in length. Plaintiff and Class Members are denied minimum wage compensation, which they are lawfully owed pursuant to Cal. Lab. Code § 1182.12.

123. Therefore, Defendants have committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and Class Members' rights.

124. As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, interest thereon,

nominal and compensatory damages, attorneys' fees, and costs of suit pursuant to Cal. Lab. Code §§ 1194, 1194.2, and 1197.1.

125. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**

**Failure to Pay Overtime Wages**

**Pursuant to Cal. Lab. Code § 510**

**(On Behalf of Plaintiff and the Class Against All Defendants)**

126. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

127. Defendants do not compensate Plaintiff and Class Members at the appropriate overtime rate, as required by California law.

128. Cal. Lab. Code § 510 provides, in pertinent part, that:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

129. The IWC Wage Order 16-2001(3)(A)(1) states:

> [E]mployees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

130. Cal. Lab. Code § 1194(a) provides that:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

131. Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

132. California's overtime requirements, including those set forth above. Plaintiff and Class Members work overtime hours for Defendants without being paid overtime premiums, or when paid overtime premiums not being paid at the appropriate rate in violation of the Cal. Lab. Code, the applicable IWC Wage Order, and other applicable law.

133. Defendants have knowingly and willfully refused to perform their obligation to provide Plaintiff and Class Members with premium wages for all overtime work. Defendants require Plaintiff and Class Members to work during unpaid meal breaks and deduct 30 minutes from hours worked and from pay each day for meal breaks, even when employees do not receive meal breaks, when they perform work during their meal breaks, or when meal breaks are less than 30 minutes in length.

134. As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and Class Members have been deprived of overtime wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus interest thereon, nominal and compensatory damages, attorneys' fees, and costs of suit.

135. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## **FIFTH CAUSE OF ACTION**

**Failure to Provide and/or Make Available Meal Periods**

**Pursuant to Cal. Lab. Code §§ 226.7 and 512**

**(On Behalf of Plaintiff and the Class Against All Defendants)**

136. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

137. Defendants routinely fail to provide or make available compliant meal periods to Plaintiff and Class Members.

138. Cal. Lab. Code §§ 226.7 and 512 and the applicable Wage Order require Defendants to provide or make available meal periods to its employees. Cal. Lab. Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty (30) minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes.

139. Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Order 16-2001(10)(D).

140. Under Cal. Lab. Code § 226.7(b) and the applicable Wage Order, an employer who fails to provide or make available a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided or made available.

141. Despite these requirements, Defendants have knowingly and willfully refused to perform their obligation to provide or make available to Plaintiff and Class Members the ability to take the off-duty meal periods to which they are entitled. Defendants do not provide Class Members, including Plaintiff, with meal periods during which they are completely relieved of duty for at least 30 minutes by the fifth hour of work and again by the tenth hour of work. Defendants require Class Members to work shifts over 10-hours without the opportunity to take a second meal period. Defendants also require Plaintiff and Class Members to skip first meal breaks, or the break is frequently interrupted, shortened, late, or otherwise non-compliant.

142. Defendants also fail to properly pay Plaintiff and Class Members one (1) hour of pay for each day an off-duty second meal period was denied. Defendant's conduct described herein violates Cal. Lab. Code §§ 226.7 and 512. Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff and Class Members are entitled to compensation for the failure to provide or make available meal periods and second meal periods, plus interest, attorneys' fees, expenses and costs of suit.

143. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

144. Wherefore, Plaintiff and Class request relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**

**Failure to Authorize and Permit and/or Make Available Rest Periods**

**Pursuant to Cal. Lab. Code §§ 226.7**

**(On Behalf of Plaintiff and the Class Against All Defendants)**

145. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

146. Cal. Lab. Code §§ 226.7 and the applicable Wage Order require employers to authorize and permit non-exempt workers to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay non-exempt workers their full wages during those rest periods. Unless the employee is relieved of all duty during the ten-minute rest period, the employee is considered "on duty" and the rest period is counted as time worked under the applicable Wage Orders.

147. Under Cal. Lab. Code § 226.7(b) an employer must pay an employee denied a required rest period is required to pay one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

148. Despite these requirements, Defendants knowingly and willfully refuses to perform their obligation to authorize and permit and/or make available to Plaintiff and Class Members their rest periods.

149. Plaintiff and Class Members also do not receive premium pay for missed rest breaks as required by California law.

150. Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff and Class Members are entitled to compensation for the failure to authorize and permit and/or make available rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

151. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

152. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**

**Failure to Provide Accurate Itemized Wage Statements**

**Pursuant to Cal. Lab. Code §§ 226 and 226.3**

**(On Behalf of Plaintiff and the Class Against All Defendants)**

153. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

154. Defendants do not provide Plaintiff and Class Members with accurate itemized wage statements as required by California law.

155. Cal. Lab. Code § 226(a) provides that:

> (a) An employer, semimonthly or at the time of each payment of wages, shall furnish to their employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of their social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

156. Cal. Lab. Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a

subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

157. Cal. Lab. Code § 226.3 provides, in relevant part:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

158. Defendants do not provide timely, accurate itemized wage statements to Plaintiff and Class Members in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders. The wage statements Defendant provides Class Plaintiff and Class Members do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned, including minimum wage, straight-time compensation, overtime premiums, and meal and rest period premiums.

159. Defendant is liable to Class Plaintiff and Class Members for the amounts described above in addition to the statutory penalties set forth below, with interest thereon. Furthermore, Class Plaintiff and Class Members are entitled to an award of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code section 226(e).

160. Wherefore, Plaintiff and Class request relief as hereinafter provided.

## <u>EIGHTH CAUSE OF ACTION</u>

**Failure to Timely Pay All Wages**

**Pursuant to Cal. Lab. Code § 204**

**(On Behalf of Plaintiff and the Class Against All Defendants)**

161. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

162. Cal. Lab. Code § 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which labor was performed.

163. Cal. Lab. Code § 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

164. Cal. Lab. Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

165. During the relevant time period, Defendants intentionally and willfully failed to timely pay Plaintiff and Class Members all wages due, including minimum wages, overtime wages, straight time, and premium wages for missed or non-compliant meal and rest periods, within any time period permissible under Cal. Lab. Code § 204.

166. Plaintiff and Class Members are entitled to recover all remedies available for violations of Cal. Lab. Code § 204.

167. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**<u>NINETH CAUSE OF ACTION</u>**

**Waiting Time Penalties**

**Pursuant to Cal. Lab. Code §§ 201-203**

**(On Behalf of Plaintiff and the Class Against All Defendants)**

168. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

169. Defendants do not provide and Class Members with their wages when due under California law after their employment with Defendants end.

170. Cal. Lab. Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

171. Cal. Lab. Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or him wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her

intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

172. Cal. Lab. Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

173. Plaintiff and Class Members left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from unpaid overtime wages and meal period premiums, earned for time spent working for the benefit of Defendants.

174. Defendants willfully refuse to pay Plaintiff and Class Members all minimum wage, straight time compensation, overtime wages, and meal period premiums due at the correct regular rate of pay upon the end of their employment. As a result of Defendants' actions, Plaintiff and Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

175. Defendants' willful failure to pay Plaintiff and Class Members the wages due and owing them constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendants are liable to Plaintiff and proposed Class for all penalties owing pursuant to Cal. Lab. Code §§ 201-203.

176. In addition, Cal. Lab. Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Plaintiff, and Class are entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

177. Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

## **<u>TENTH CAUSE OF ACTION</u>**

### **Reimbursement of Business Expenses**

### **Pursuant to Cal. Lab. Code § 2802**

### **(On Behalf of Plaintiff and the Class Against All Defendants)**

178. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

herein.

179. Cal. Lab. Code section 2802 provides in relevant part:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. . . . (c) For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

180. Defendants have knowingly and willfully refused to reimburse Plaintiff and Class Member for their necessarily incurred business expenses. Defendants regularly require Plaintiff and Class Members to supply their own personal protective equipment, such as respirators, harnesses, and protective eyewear, which are necessary to perform Class Members' work. As employees of Defendants, Class Plaintiff and Class Members reasonably and necessarily incur these expenses. Defendants do not reimburse these expenses.

181. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and Class Members in an amount to be determined at trial. Defendants are liable to Plaintiff and Class Members for the unreimbursed expenses and civil penalties, with interest thereon. Plaintiff and Class Members are entitled to an award of attorney's fees and costs as set forth below.

182. Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

## ELEVENTH CAUSE OF ACTION

**Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**(On Behalf of Plaintiff and the Class Against All Defendants)**

183. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

184. The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

185. Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

186. Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously

enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

187. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this lawsuit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a. violations of Cal. Lab. Code §§ 226.7 and 512 and Wage Order 16-2001 pertaining to meal and rest breaks;

b. violations of Cal. Lab. Code §§ 200, 204, 218, 222, 1194, and 1198 pertaining to the timely and complete payment of all wages;

c. violations of Cal. Lab. Code § 1194 and IWC Wage Order 16-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

d. violations of Cal. Lab. Code § 510 and IWC Wage Order 16-2001 pertaining to overtime;

e. violations of Cal. Lab. Code § 2802 pertaining to reimbursement of business expenses;

f. violations of Cal. Lab. Code § 226 regarding accurate, timely itemized wage statements; and

g. violations of Cal. Lab. Code §§ 201-302 pertaining to payment of all due wages upon separation from employment.

188. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

189. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. Code §§ 17200,

*et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

190. Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

191. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and Class Members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

192. Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and Class Members seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.

193. Plaintiff herein takes upon himself enforcement of these laws and lawful claims.

194. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from any recovery thereof. Attorneys' fees are appropriate pursuant to Cal. Code Civ. Procedure § 1021.5 and otherwise.

195. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

a. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, Cal. Lab. Code, and Cal. Bus. & Prof. Code;

b. An order designating this action as a collective action on behalf of the Collective and

issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

c. An order finding that Defendants violated the FLSA;

d. An order finding Defendants violated the FLSA willfully;

e. All unpaid wages due under the FLSA;

f. An equal amount as liquidated damages as allowed under the FLSA;

g. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

h. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

i. For an order awarding Plaintiff and Class Members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, statutory penalties, and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts, according to proof;

j. For an award of reasonable attorneys' fees as provided by the FLSA, and the Cal. Lab. Code, including but not limited to Cal. Lab. Code 218.5, Cal. Code Civ. Proc. § 1021.5, and/or other applicable law;

k. For all costs of suit;

l. For interest as provided by applicable law; and

m. For such other and further relief as this Court deems just and proper.

Dated: August 18, 2025

Respectfully Submitted,

Carolyn H. Cottrell
Ori Edelstein
Danielle A. Fuschetti
Jannat Irshad
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**

*Attorneys for Plaintiff and the Class*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: August 18, 2025

Respectfully Submitted,

Carolyn H. Cottrell
Ori Edelstein
Danielle A. Fuschetti
Jannat Irshad
**SCHNEIDER WALLACE COTTRELL KIM LLP**

*Attorneys for Plaintiff and the Class*